UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL JAMES LAYOU,

                Plaintiff,

v.                                              5:25-cv-00033 (AMN/ML)

COUNTY OF ONONDAGA *et al.*,

                Defendants.

---

**APPEARANCES:**                                               **OF COUNSEL:**

**MICHAEL JAMES LAYOU**
23-B-4430
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.**     **INTRODUCTION**

On January 8, 2025 plaintiff *pro se* Michael James Layou ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Onondaga ("Defendant County") and numerous defendants. Dkt. No. 1. Plaintiff paid the filing fee after initially seeking leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 6, 7, 8, 10, 12.[1] On June 2, 2025, Plaintiff filed an amended complaint. Dkt. No. 26 ("Amended Complaint").

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

This matter was referred to United States Magistrate Miroslav Lovric, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915A and, on June 24, 2025, issued a report-recommendation and order recommending the dismissal of Plaintiff's claims, some with leave to amend. Dkt. No. 32 ("Report-Recommendation"). Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 22. Plaintiff filed objections on September 18, 2025, after multiple extensions of time to do so. Dkt. No. 40; *see also* Dkt. Nos. 33-38.[2]

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

II.   **STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's

---

[2] Plaintiff's "final extension request until September 19, 2025, to file said objections," Dkt. No. 39 at 1, is denied as moot.

report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff is fifty-two years old and presently incarcerated. Dkt. No. 26 at ¶ 1. He alleges that he has "experienced a "lifetime of constitutional violations" dating back to 1998, Dkt. No. 32 at 5, seemingly largely because "every facet of the Onondaga County Criminal Justice System (police, prosecutors, & defense attorneys)" has "display[ed] a pattern of unconstitutional conduct towards the Plaintiff" during that time, Dkt. No. 40 at 10. As detailed at length in the Report-Recommendation, Magistrate Judge Lovric liberally construed Plaintiff's allegations as seeking to bring civil rights and conspiracy claims against Defendant County, as well as its prosecutors and sheriff's deputies, Plaintiff's defense attorney, and others, in connection with Plaintiff's criminal prosecutions in state court. Dkt. No. 32 at 2-20. Magistrate Judge Lovric first noted that most of Plaintiff's claims appeared time barred and not subject to equitable tolling. *Id.* at 8 n.3. Magistrate Judge Lovric then determined that the prosecutor defendants were immune from Plaintiff's claims. *Id.* at 8-11. Magistrate Judge Lovric next determined that Plaintiff had failed to plausibly allege any claim against more than a dozen defendants. *Id.* at 11-19. In the absence of any viable federal claim, Magistrate Judge Lovric recommended declining to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 19-20. Finally, Magistrate Judge Lovric determined that the defects with certain of Plaintiff's claims could, conceivably, be cured with better pleading and recommended granting leave to replead. *Id.* at 20-21.

4

The Court has carefully reviewed Plaintiff's lengthy objections to the Report-Recommendation. Dkt. No. 40. Even liberally construing Plaintiff's submission, the Court finds no basis to sustain any of Plaintiff's objections. For example, much of Plaintiff's objections relate to time-barred conduct, or purported details that are immaterial to assessing the legal sufficiency of Plaintiff's allegations. *See, e.g., id.* at 3-9. Plaintiff also makes conclusory assertions that he has stated a claim or raised a "genuine issue of material fact." *See, e.g., id.* at 11, 21-22. In sum, following *de novo* review, the Court agrees with Magistrate Judge Lovric's findings for the reasons stated in the Report-Recommendation.[3] As a result, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 32, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Onondaga County, Melissa Constanza, Matthew Tynan, Anthony Aloi, Amy Bollinger, Ralph Habib, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, Reynolds, John Doe are **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Cindi Newtown and William J. Fitzpatrick, in their individual capacities, are **DISMISSED with leave to amend**; and the Court further

---

[3] Additionally, to the extent Plaintiff's Section 1983 claims relate to his instant conviction, they also appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See, e.g., Cotton v. Noeth*, 96 F.4th 249, 254 (2d Cir. 2024) (noting that "a Section 1983 plaintiff may not seek damages for an allegedly unconstitutional conviction or sentence unless the conviction or sentence has been invalidated") (citing *Heck*, 512 U.S. at 486-87).

5

**ORDERS** that Plaintiff's claims against Defendants Cindi Newtown and William J. Fitzpatrick, in their official capacities, **DISMISSED without leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: October 15, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.