**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL JAMES LAYOU,

Plaintiff,

v. 5:25-cv-33 (AMN/ML)

COUNTY OF ONONDAGA, *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**MICHAEL JAMES LAYOU**
23-B-4430
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

## I. INTRODUCTION

On January 8, 2025 plaintiff *pro se* Michael James Layou ("Plaintiff") commenced this action against the County of Onondaga and numerous defendants. Dkt. No. 1. Plaintiff paid the filing fee after initially seeking leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4, 6, 7, 8, 10, 12.

On June 2, 2025, Plaintiff filed an amended complaint. Dkt. No. 26. This matter was referred to United States Magistrate Judge Miroslav Lovric, who reviewed this complaint pursuant to 28 U.S.C. § 1915(e), and on June 24, 2025, recommended that Plaintiff's claims be dismissed, some with leave to amend. Dkt. No. 32. On October 15, 2025, the Court adopted the Report-Recommendation in its entirety. Dkt. No. 41.

On November 25, 2025, Plaintiff filed a Second Amended Complaint. Dkt. No. 43 ("Amended Complaint"). This matter was again referred to Magistrate Judge Lovric, who recommended permitting the following claims to proceed: (i) Plaintiff's malicious prosecution claim under the Fourth Amendment against Defendant Constanza for filing a false instrument alleging Plaintiff sold drugs; (ii) Plaintiff's excessive force and failure to intervene claims under the Fourth Amendment against Defendants Tynan, Aloi, Constanza, Bollinger, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, and Reynolds for a September 7, 2022 incident; (iii) Plaintiff's assault and battery claims under New York state law against Defendants Tynan, Aloi, and as many as three other unknown Onondaga County Sheriffs arising from that same incident; and (iv) breach of contract and legal malpractice claims under New York state law against his alleged former defense counsel, Defendant Habib. Dkt. No. 46 at 17-18 ("Report-Recommendation").[1] Magistrate Judge Lovric also recommended dismissing Plaintiff's claims against Defendants Fitzpatrick, Newton, and Onondaga County, as well as Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") against Defendant Constanza, without leave to amend. *Id.* at 18. Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 18. Plaintiff timely filed objections. Dkt. No. 50.

For the reasons set forth below, the Court adopts the Report-Recommendation in full and determines that Plaintiff's objections are without merit.

## II. STANDARD OF REVIEW

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a

*pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, including the background and the legal framework, finding no clear error therein. Familiarity with the Report-Recommendation is presumed for purposes of this decision.[2] While the Amended Complaint discusses events as far back as the late 1990s, it principally focuses on Plaintiff's encounters with law enforcement since 2020. *See* Dkt. No. 46 at 2-6.

### A. Malicious Prosecution and Abuse of Process Claims Against Constanza

Plaintiff brings several claims against Defendant Constanza, a Sheriff's Deputy for Onondaga County, *see* Dkt. No. 43 at 1, arising from criminal charges she brought against Plaintiff. Beginning in October of 2020, Plaintiff alleges that the Onondaga County Sheriff's office began surveilling his home based on an anonymous tip that he was dealing drugs. *Id.* at 5. On November 4, 2020, police allegedly observed Plaintiff driving to a meeting with a non-party individual—and when police subsequently stopped and searched that person's vehicle, they recovered approximately 32 grams of cocaine. *Id.* at 6. The arrestee told officers that Plaintiff had sold him

[2] Because the Court adopts the Report-Recommendation's background and its account of the Second Amended Complaint, *see* Dkt. No. 46 at 2-6, it recounts those pleadings only as necessary for the present analysis.

the cocaine. *Id.* Plaintiff's vehicle was also stopped and searched, but officers did not find anything incriminating and he was released. *Id.* However, on March 9, 2021, Plaintiff was arrested for two felony drug charges resulting from this incident. *Id.*

Though not facially apparent from Plaintiff's description of a seemingly standard police investigation, Plaintiff contends this arrest was built upon "an unconstitutional house of cards":

> [D]uring Covid, anonymous tip devoid of individual suspicion, relays address with allegation of drug activity, . . . permits targeting known drug addict [Plaintiff] . . . utilizing blanket surveillance, . . . providing a hunch that condones separate seizures of the Plaintiff and an unknown individual whom he had interacted with, producing an arrest that creates a statement, . . . leading to Plaintiff's arrest, . . . for a crime . . . that could never legitimately be prosecuted, . . . because the Onondaga County Sheriff's Special Investigation Unit[']s . . . selective enforcement of N.Y.S. Drug Laws was arbitrary and violated inter alia Plaintiff's substantive due process rights.

Dkt. No. 50 at 2-3. Reading Plaintiff's pleadings liberally, the Court construes them as alleging that Constanza falsified the basis for Plaintiff's arrest. *See* Dkt. No. 43 at 19 ("Constanza's unconstitutional actions on November 4, 2020, created a false statement."). Plaintiff also alleges that the charges arising from this incident were formally dismissed on February 5, 2025, in exchange for his agreeing to forfeit currency police had seized in a subsequent arrest. *See id.* at 12.

Plaintiff's theory is that Constanza brought charges from the November 4, 2020 incident to manipulate him into becoming a police informant. *See* Dkt. No. 50 at 3. Indeed, Plaintiff alleges that he briefly agreed during an August 4, 2021 meeting with Constanza to become a "confidential informant," Dkt. No. 43 at 7, before later reneging on that agreement, *id.* at 8. Plaintiff contends that Constanza's actions constituted an abuse of process under 42 U.S.C. §§ 1981 and 1983 in

violation of the Fifth, Sixth, and Fourteenth Amendments,[3] and he also brings a Section 1983 claim alleging that Constanza maliciously prosecuted him.

Magistrate Judge Lovric recommended that Plaintiff's Fourth Amendment malicious prosecution claim be permitted to proceed. Dkt. No. 46 at 10-12. For Plaintiff to sustain a malicious prosecution claim against Costanza, he must prove that "(1) the defendant initiated a prosecution against the plaintiff, (2) the defendant lacked probable cause to believe the proceeding could succeed, (3) the defendant acted with malice, (4) the prosecution was terminated in plaintiff's favor, and (5) there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 633 (N.D.N.Y. 2021) (quoting *Bernshtein v. City of New York*, 496 F. App'x 140, 142 (2d Cir. 2012) (summary order)); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Reviewing Plaintiff's allegations against this law, Magistrate Judge Lovric determined that there was a sufficient factual basis for the malicious prosecution claim to proceed. Dkt. No. 46 at 10-11. Since the Court perceives no clear error in that recommendation, it will require a response to the malicious prosecution claim.

Plaintiff objects that Magistrate Judge Lovric did not consider his abuse of process claim under Section 1983.[4] *See* Dkt. No. 50 at 2-3. Reviewing this claim *de novo*, this Court looks to

---

[3] To the extent that Plaintiff brings claims under the Fifth Amendment, the Court dismisses them. "The Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials." *Mitchell v. Home*, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). And while Plaintiff purports to bring a claim under the Sixth Amendment, he does not allege how any Sixth Amendment right was violated. Accordingly, because the Second Circuit has made clear that malicious abuse of process claims fall under procedural due process, the Court will analyze them under the Fourteenth Amendment. *See Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994).

[4] Plaintiff also brought this abuse of process claim under Section 1981, along with several other Section 1981 claims. Magistrate Judge Lovric concluded that all these should be dismissed. Dkt.

state law for the elements of malicious abuse of process. *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 391 (E.D.N.Y. 2013) (citing *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir. 2003)). In New York, in order to prevail on a claim for malicious abuse of process, a plaintiff must show that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside legitimate ends of process." *Wagner*, 518 F. Supp. 3d at 627 (quoting *Savino*, 331 F.3d at 76). Under the third element, abuse of process can only attach to "misuse or perversion of regularly issued legal process for a purpose *not justified by the nature of the process*." *Bd. of Ed. v. Farmingdale Classroom Tchrs. Ass'n*, 343 N.E.2d 278, 280 (N.Y. 1975) (emphasis added); *see id.* at 283 ("Where process is manipulated to achieve some collateral advantage, whether it be denominated extortion, blackmail or retribution, the tort of abuse of process will be available to the injured party."); *Hoyos*, 999 F. Supp. at 391-92 ("[C]ourts have also found that a desire to safeguard one's employment, a desire to escape blame for allowing a suspect to go free, and a desire to intimidate or embarrass the plaintiff, can, at least in certain circumstances, constitute an improper collateral purpose.") (citations omitted). "The same elements apply to a [Section] 1983 claim for malicious abuse of process, but the plaintiff must also show the deprivation of a constitutional right." *Rivera v. Jahmi*, 801 F. Supp. 3d 129, 161 (E.D.N.Y. 2025) (internal quotation marks and citation omitted).

Plaintiff's abuse of process claim fails because he does not allege that Constanza prosecuted him for an improper purpose. In his objections, Plaintiff contends Constanza used criminal charges to force him into a plea bargain meant to turn him into a confidential informant.

---

No. 46 at 11-12. The Court agrees with Magistrate Judge Lovric's recommendation and addresses all of Plaintiff's Section 1981 claims together *infra* Section III.D.

*See* Dkt. No. 50 at 2-3. But Plaintiff does not allege that Constanza sought anything beyond information and testimony from Plaintiff in the service of other criminal prosecutions—and he certainly does not allege that Constanza pursued a "collateral advantage," such as "extortion, blackmail or retribution," *Farmingdale Classroom Tchrs. Ass'n*, 343 N.E.2d at 283, nor a personal advantage outside of her prosecutorial and law enforcement duties, *cf. Hoyos*, 999 F. Supp. at 391-92. "It is elementary that . . . 'plea-bargains' are not per se improper and that they play an important part in the administration of criminal justice, particularly in the disposition of today's heavy calendars." *See People v. Pearson*, 390 N.Y.S.2d 430, 431 (N.Y. App. Div. 1976). Using the threat of prosecution to induce testimony or cooperation is thus "not an abuse of prosecutorial power." *People v. Burchard*, 799 N.Y.S.2d 607, 609 (N.Y. App. Div. 2005). Indeed, testimony induced through plea bargains is "often a necessary predicate for successful criminal prosecutions," *People v. Cona*, 399 N.E.2d 1167, 1170 (N.Y. 1979), and it is well "settled that government must have the power to compel testimony to secure information necessary for effective law enforcement," *Pillsbury Co. v. Conboy*, 459 U.S. 248, 252 (1983) (internal quotation omitted).

Accordingly, offering a plea bargain in exchange for cooperation was "justified by the nature of" a criminal prosecution, and cannot on its own form the basis of an abuse of process claim under New York law. *Farmingdale Classroom Tchrs. Ass'n*, 343 N.E.2d at 280. Plaintiff's allegation that Constanza initiated the prosecution with malice based on a false factual basis is properly the subject of a malicious prosecution claim, but is beside the point for abuse of process: If a defendant uses "the process of the court for its proper purpose, though there is malice in [her] heart, there is no abuse of the process." *Hauser v. Bartow*, 7 N.E.2d 268, 269 (N.Y. 1937). And, in any event, "offering witnesses immunity or reduced criminal liability in exchange for testimony

are ordinary law enforcement activities that cannot form the basis of a due process claim." *Thorpe v. Duve*, No. 15-cv-736, 2020 WL 5763941, at *6 (N.D.N.Y. Sept. 28, 2020), *aff'd*, No. 20-3679, 2022 WL 332804 (2d Cir. Feb. 4, 2022). The Court therefore dismisses Plaintiff's abuse of process claim.[5]

**B. Excessive Force Claims**

Magistrate Judge Lovric identified three claims—excessive force, failure to intervene, and state law assault and battery—arising from the alleged use of force on Plaintiff during a September 7, 2022 vehicle stop arrest, and recommended that all three proceed. During that arrest, Plaintiff alleges that officers broke bones in his face and lacerated the back of his head, requiring both immediate and continuing medical attention. Dkt. No. 43 at 24. Plaintiff alleges that his requests for medical attention following the assault were ignored, and an ambulance eventually transported him to the emergency room at Upstate University Hospital where a medical exam "revealed several broken facial bones and a laceration on his posterior scalp requiring three staples to close." *Id.* at 10, 35.

Though the officers involved "did not identify themselves" during the incident, Plaintiff relies on subsequent statements by Defendant officers Tynan, Aloi, and Constanza—all of which are attached to his Second Amended Complaint—to name the defendants. *Id.* at 9. First, a written narrative report of the arrest electronically signed by Tynan states that he "grabbed at [Plaintiff's] left arm while attempting closed fist strikes with my right hand to his radial nerve," and that some

[5] Plaintiff also objects that Magistrate Judge Lovric failed to recognize that Newton, as the district attorney who had approval authority over the plea negotiations, was implicated in his abuse of process claim. *See* Dkt. No. 50 at 3. Because the Court concludes that this abuse of process claim fails regardless of which Defendants are named, it does not reach that objection. *See also infra* Section III.E (discussing the likely application of prosecutorial immunity to claims against Newton).

of his strikes "made contact with the left cheek area of [Plaintiff's] face," before he and other unnamed officers removed Plaintiff from the vehicle and forcibly handcuffed him. *Id.* at 10, 35. Second, Aloi testified during a criminal proceeding resulting from the arrest that he had participated in "forcibly remov[ing]" Plaintiff from the car. *Id.* at 10, 36. Finally, a report electronically signed by Constanza identifies numerous additional officers as the members of the Onondaga County Sheriff's Office Special Investigation Unit ("SIU") who executed the search warrant that resulted in the arrest. *Id.* at 9, 33. In addition to herself, Tynan, and Aloi, these were Defendants Bollinger, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, and Reynolds. *Id.* Plaintiff brings claims against all of the aforementioned officers. *Id.* at 19.

Magistrate Judge Lovric first recommended that Plaintiff's Fourth Amendment excessive force claims against these Defendants be permitted to proceed. Dkt. No. 46 at 7-8. Magistrate Judge Lovric found that "broadly pleading multiple defendants' involvement [in alleged unlawful conduct] may be acceptable if the allegations can be liberally construed as plausibly alleging that all [of] the identified defendants engaged in the alleged constitutional violations" and further that here "there is an understandable explanation for why the complaint was not more particularized." *Id.* (quoting *Witherspoon v. Jones*, No. 24-cv-296, 2026 WL 1396585, at *5 (N.D.N.Y. May 19, 2026) (internal quotation marks and citation omitted) and *Lawrence v. Shattick*, No. 24-cv-0656, 2026 WL 237648, at *5-6 (N.D.N.Y. Jan. 29, 2026) (alterations omitted)). Accordingly, because Plaintiff's pleadings can be liberally construed as plausibly alleging that all officers who were present during the arrest acted in concert during the alleged assault, Plaintiff "need not then describe each defendant's particular role in detail in order to avoid dismissal on 'group pleading grounds.'" *McArdle-Bracelin v. Cong. Hotel, LLC*, No. 20-cv-861, 2022 WL 486805, at *7 (N.D.N.Y. Feb. 17, 2022).

Second, Magistrate Judge Lovric recommended that Plaintiff's state law assault and battery claims arising from the same incident be permitted to proceed, *see* Dkt. No. 46 at 12, reasoning that courts in this District have permitted assault and battery claims to proceed alongside Fourth Amendment excessive force claims where both are based on the same factual circumstances, *see Id.* at 12, 12 n.3 (citing, *inter alia*, *Funaro v. City of Glens Falls*, 25-cv-0706, 2026 WL 797414, at *9 (N.D.N.Y. Mar. 23, 2026)); *see also Lalonde v. City of Ogdensburg*, 662 F. Supp. 3d 289, 311 (N.D.N.Y. 2023) ("Because . . . Plaintiffs have plausibly stated Section 1983 Fourth Amendment excessive force claims and because Plaintiff's excessive force and assault and battery claims are based upon the same factual circumstances, the Court finds that Plaintiffs have stated a plausible civil assault and civil battery claim.") (internal quotation and alterations omitted).

Third, Magistrate Judge Lovric recommended that this Court permit Plaintiff's Fourth Amendment failure to intervene claims against these Defendants to proceed. Dkt. No. 46 at 9-10. Magistrate Judge Lovric reasoned that where plaintiffs properly allege at least one constitutional violation, they are "entitled to discovery to determine which officers participated directly in the alleged constitutional violation and which officers were present or failed to intervene." *Id.* at 9 (quoting *Matthews v. City of New York*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012)). Accordingly, given that Plaintiff's excessive force claim is permitted to proceed, Plaintiff's failure to intervene claim against Defendants Tynan, Aloi, Constanza, Bollinger, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, and Reynolds ought be permitted to proceed.

The Court perceives no clear error in Magistrate Judge Lovric's recommendations as to Plaintiff's claims arising from the use of force on September 7, 2022. Accordingly, the Court adopts those recommendations and permits all of these claims to proceed.

**C. Claims Against Habib**

Plaintiff also brings state law claims against an attorney, Habib, who he alleges he hired to represent him in relation to the criminal charges stemming from the November 4, 2020 incident. Dkt. No. 43 at 5-6; *see also supra* Section III.A (discussing that incident). Plaintiff alleges that following Plaintiff's arrest, his girlfriend, non-party Kelly Gardynski, met Habib at a Barnes & Noble and gave him a cashier's check for seventy-five hundred dollars to represent Plaintiff. *See id.* at 5-6. Plaintiff later signed a retainer agreement with Habib. *See id.* at 7. Plaintiff alleges that Habib performed legal services for him, including discussing criminal charges and a grand jury summons with him, and representing him in a state court detention hearing. *Id.* at 6-8. However, following a September 29, 2021 phone call, Plaintiff alleges that he never heard from Habib again. *See id.* at 8. When Plaintiff was arraigned for charges stemming from the September 7, 2022 arrest discussed *supra* Section III.B, he informed the court that he was represented by Habib in connection with the November 4, 2020 charges, and the arraignment was adjourned. *Id.* at 11. However, when the arraignment continued on October 13, 2022, the court informed Plaintiff that it had "asked Mr. Habib about his involvement in [the November, 2020] case and he indicated to the Court that he had not been retained to represent you regarding that matter." *Id.* at 11, 38.

Magistrate Judge Lovric reviewed Plaintiff's claims against Habib for breach of contract and legal malpractice, and recommended that both be permitted to proceed. Dkt. No. 46 at 13. Though brought under New York state law, Magistrate Judge Lovric recommended that the Court exercise pendent jurisdiction because they appear to form part of the same case or controversy as Plaintiff's federal claims. *Id.* at 13 n.4 (citing *Smith v. Ruszkowski*, No. 24-cv-0828, 2025 WL 1462767, at *2 (N.D.N.Y. May 22, 2025) (electing to exercise pendent jurisdiction over a supplemental claim where it was "sufficiently related to the federal claims brought against [the other defendants] such that they form[ed] part of the same case or controversy under Article III")).

Further, Magistrate Judge Lovric found that Plaintiff sufficiently pleads breach of contract and legal malpractice claims, *id.* at 13-14, and that both claims were plausibly brought within New York's statute of limitations, *see id.* at 13 n.5, 14 n.6. Because this Court perceives no clear error in these conclusions, it adopts Magistrate Judge Lovric's recommendations and permits Plaintiff's breach of contract and legal malpractice claims against Habib to proceed.

**D. Remaining Issues Addressed by Magistrate Judge Lovric**

Magistrate Judge Lovric recommended that several of Plaintiff's other claims be dismissed with prejudice. First, Magistrate Judge Lovric recommended that Defendants Fitzpatrick, Newton, and Onondaga County be dismissed from this case because, while the Amended Complaint includes these Defendants in the case caption, Plaintiff does not appear to assert any claims against them. Dkt. No. 46 at 14-16 (citing Dkt. No. 43 at 19-20). Moreover, with respect to Onondaga County, Magistrate Judge Lovric also noted that Plaintiff fails to allege any specific facts that plausibly suggest that Onondaga County violated Plaintiff's constitutional rights pursuant to a custom or policy. *Id.* at 15 (citing Dkt. No. 32 at 14 (noting that to hold a municipality liable under Section 1983, a plaintiff must allege sufficient facts to show that the municipality's conduct "amounted to a custom or policy of the municipality") (citing *Gray v. GC Servs./Apple*, No. 20-cv-714, 2020 WL 6729413, *5 (N.D.N.Y. Jul. 9, 2020))); *see also Dougal v. Lewicki*, No. 23-cv-1167, 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023) (recommending dismissal of *Monell* claims because plaintiff "does not include any allegations in his complaint concerning municipal conduct that states a *Monell* claim[,] . . . does not allege what actions were taken by the County,

or by its employees[,] [or] which [actions] the County knew about"), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023).[6]

Second, with respect to Defendants Fitzpatrick and Newton, Magistrate Judge Lovric found that the Amended Complaint lacks factual allegations sufficient to allege their personal involvement in conduct that purportedly violated Plaintiff's constitutional rights.[7] *Id.* at 15 (citing *Cipriani v. Buffardi*, No. 06-cv-889, 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to

[6] Though Plaintiff does object to this recommendation, he merely reasserts that the prosecution arising the November 4, 2020 incident and "and his arrest on January 1, 2022, provide[] facts plausibly suggesting that Defendant Onondaga County violated Plaintiff's constitutional rights pursuant to a custom or policy." Dkt. No. 50 at 9 (citations and internal quotations omitted). "[*D*]*e novo* review of a magistrate's Report and Recommendation is not warranted by objections that simply attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) (internal quotation omitted).

[7] Plaintiff objects to this finding, too, contending that Fitzpatrick was the District Attorney of Onondaga County and therefore the "only individual with enough authority to authorize" his prosecution. Dkt. No. 50 at 8. Even accepting these allegations as true and considering them in combination with the pleadings, *see Harrison v. Cnty. of Nassau*, No. 15-cv-2712, 2016 WL 4083381, at *1 n.1 (E.D.N.Y. Aug. 1, 2016), Plaintiff only alleges that Fitzpatrick authorized prosecutions arising from two indictments in the late 1990s to which he ultimately pled guilty, *see* Dkt. No. 50 at 8-9. Therefore, Plaintiff's claim is barred by Section 1983's three-year New York statute of limitations, *see Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023), and he fails to state a case of malicious prosecution because a "guilty plea is not a termination in favor of the accused," *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007) (citation omitted), and, moreover, he is also likely barred from pressing his claim by prosecutorial immunity, *see* Dkt. No. 46 at 16 n.7. Plaintiff also appears to assert a *Monell* claim based on Fitzpatrick's enacting a "Policy, Practice, or Custom . . . in 1998 . . . as the final policymaker for the Onondaga County District Attorney's Office," Dkt. No. 43 at 20, but the "statute of limitations for a *Monell* claim, like other section 1983 claims arising in New York, is three years," *Stokes v. Slayton*, No. 24-cv-499, 2025 WL 2096968, at *5 (N.D.N.Y. July 25, 2025) (citation omitted). And while Plaintiff may fall within the statute of limitations if that policy caused him a constitutional injury in the post-2020 arrests, for the reasons discussed by Magistrate Judge Lovric, this Court also does not accept Plaintiff's conclusory pleading that Fitzpatrick's policy "has been adopted by all facets of the Onondaga County Judicial System and has become conventional in its application to [Plaintiff] in every one of his . . . criminal cases." Dkt. No. 50 at 9 (quotation omitted).

indicate what the defendant did to the plaintiff."); *Casino v. Rohl*, No. 14-cv-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing Section 1983 claims where plaintiff "has not adequately pled [the defendant's] personal involvement in any of the constitutional deprivations alleged in the amended complaint")). Moreover, Magistrate Judge Lovric noted that any claims against Defendants Fitzpatrick and Newton would likely be barred under the doctrine of prosecutorial immunity. *Id.* at 16 n.7 (citing *Joyner v. Cnty. of Cayuga*, No. 20-cv-60, 2020 WL 1904088, at *9 (N.D.N.Y. Apr. 17, 2020) (noting that "[p]rosecutors sued under [Section] 1983 enjoy absolute immunity 'from claims for damages arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process'") (quoting *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996))).

Third, Plaintiff presses claims under 42 U.S.C. § 1981 against several defendants, including Constanza, Habib, Onondaga County, and Fitzpatrick. *See* Dkt. No. 43 at 19-21. Magistrate Judge Lovric recommended that the Court dismiss all of these Section 1981 claims. To state a Section 1981 claim, Magistrate Judge Lovric noted that "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Dkt. No. 46 at 11 (quoting *Gaddy v. Waterfront Comm'n*, No. 13-cv-3322, 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014)). But Magistrate Judge Lovric found that Plaintiff does not allege facts to show that any Defendant took any action against Plaintiff that was purposefully discriminatory and racially motivated. *Id.* Plaintiff does not even allege that he is a member of a racial minority, identify his race at all, or claim he engaged in one of Section 1981's specifically enumerated protected activities. *Id.* Accordingly, the Court adopts Magistrate Judge Lovric's recommendation.

Finally, Magistrate Judge Lovric recommended that leave to amend be denied. *Id.* at 16-17. Magistrate Judge Lovric found that any additional amendments to Plaintiff's Amended Complaint are unlikely to be productive, given that Plaintiff has already amended his complaint twice. *Id.* at 17 (citing *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (finding that the district court did not abuse its discretion in denying plaintiff leave to amend "because there was a repeated failure to cure deficiencies by amendments previously allowed") (internal quotation marks and citation omitted)); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) (denying leave to amend plaintiff's second amended complaint, as "[t]hree bites at the apple is enough")).

The Court sees no error in these recommendations and accordingly adopts them.

**E. Plaintiff's Objections**

Lastly, the Court has carefully reviewed Plaintiff's objections to the Report-Recommendation. Dkt. No. 50. In summary, Plaintiff objects to Magistrate Judge Lovric's characterization of his Second Amended Complaint, asserting that Magistrate Judge Lovric failed to assess Plaintiff's abuse of process,[8] *Monell* liability,[9] false arrest, and civil conspiracy claims. *See id.* Even liberally construing Plaintiff's submission, upon *de novo* review, the Court finds no basis to sustain any of Plaintiff's objections.

As to Plaintiff's false arrest allegation arising from a January 1, 2022 assault charge, the Court dismisses this claim because Plaintiff pled guilty to the offense for which he was arrested. To state a claim for false arrest under Section 1983, which has substantially the same elements as a claim for false arrest under New York law, a plaintiff must show, *inter alia*, that his confinement

[8] Addressed *supra* Section III.A.

[9] Addressed *supra* Section III.D.

"was not otherwise privileged." *Adams v. City of New York*, No. 21-cv-3956, 2023 WL 2734611, at *4 (E.D.N.Y. Mar. 31, 2023) (internal quotation marks and citations omitted). "[A]n act of confinement is privileged if it stems from a lawful arrest supported by probable cause." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (citation omitted). And the existence of probable cause constitutes "a complete defense to an action for false arrest, whether that action is brought under state law or under [Section] 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant*, 101 F.3d at 852) (internal quotation marks omitted). The common-law rule for "actions asserting false arrest . . . is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." *El v. Black*, No. 23-cv-10317, 2025 WL 1707817, at *3 (S.D.N.Y. June 18, 2025) (quoting *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986)); *see also Shepler v. Collura*, No. 17-cv-10254, 2020 WL 729763, at *4 (S.D.N.Y. Feb. 13, 2020) ("[A] valid conviction is conclusive evidence of probable cause for the arrest"). Here, Plaintiff alleges that he "pleaded guilty to a parole violation, which also satisfied the felony assault charge," *see* Dkt. No. 46 at 3 (citing Dkt. No. 43 at 9), and he does not claim that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Kearney v. Kozloski*, No. 14-cv-1446, 2016 WL 4690400, at *3 (N.D.N.Y. Sept. 7, 2016) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Plaintiff's civil conspiracy claim also fails. The Court construes Plaintiff to be asserting a conspiracy claim under Section 1983.[10] "A conspiracy claim under Section 1983 must allege that: (1) an agreement existed between two or more state actors to act in concert to inflict an

---

[10] Plaintiff's conspiracy claim could not proceed under 42 U.S.C. § 1985, as Plaintiff has not set forth any allegations of racial or other invidious class-based animus prohibited by Section 1985. *See Kenific v. Oswego Cnty.*, No. 07-cv-213, 2010 WL 2977267, at *17 (N.D.N.Y. July 23, 2010).

unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal." *Rasheen v. Adner*, 356 F. Supp. 3d 222, 235 (N.D.N.Y. 2019) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)). "Although a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be enough to raise a right to relief above the speculative level." *Id.* (internal quotation marks and citations omitted). Construed liberally, Plaintiff summarily alleges that Defendants Habib, Newton, and Constanza conspired to "compel Plaintiff into becoming a confidential informant." Dkt. No. 50 at 4. Plaintiff's claims are conclusory and appear to be based on his dissatisfaction over the strategy of his attorney and the outcome of his criminal proceedings. *See* Dkt. No. 43 at 20 ("By disregarding the obvious lack of factual evidence . . . Habib denied [Plaintiff] competent representation and . . . he became complicit with the sc[h]eme to compel his client into becoming a confidential informant."). Plaintiff fails to allege facts plausibly showing the existence of any agreement, tacit or otherwise, among the Defendants to act in concert to inflict an unconstitutional injury upon Plaintiff. *Pulizotto v. McMahon*, 406 F. Supp. 3d 277, 294 (S.D.N.Y. 2019) (dismissing Section 1983 conspiracy claim where allegations were "conclusory" and insufficient to suggest any "meeting of the minds"); *Baltas v. Snyder*, No. 24-cv-1487, 2025 WL 509423, at *15 (D. Conn. Feb. 14, 2025) (same); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds").

In sum, following *de novo* review, the Court finds that Plaintiff's false arrest and civil conspiracy claims do not survive, and following clear error analysis, agrees with Magistrate Judge Lovric's findings and recommendations as to the remainder of Plaintiff's claims for the reasons set forth in the Report-Recommendation.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 46, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's excessive force claims against Defendants Tynan, Aloi, Constanza, Bollinger, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, and Reynolds related to the incident on September 7, 2022; Plaintiff's failure to intervene claims against Defendants Tynan, Aloi, Constanza, Bollinger, Brogan, Bieling, Washo, Quku, Rosello, Potts, Townsend, Summers, and Reynolds related to the same incident; Plaintiff's assault and battery claims against Defendants Tynan, Aloi, and between one and three other unknown Onondaga County Sheriffs; Plaintiff's breach of contract and legal malpractice claims against Defendant Habib; and Plaintiff's malicious prosecution claim against Defendant Constanza **be permitted to proceed**; and the Court further

**ORDERS** that Plaintiff's Section 1981 claims; Plaintiff's abuse of process claims; Plaintiff's false arrest claim; Plaintiff's civil conspiracy claim; and Plaintiff's claims against Defendants Onondaga County, Fitzpatrick, and Newton are **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[11]

**IT IS SO ORDERED.**

Dated: October 28, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

[11] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.